# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BARBARA SNOWDEN,                                           Case No. 1:14-cv-599

       Plaintiff,

                                                                   Bowman, M.J.

    v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MEMORANDUM OF OPINION AND DECISION

Plaintiff Barbara Snowden filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. The parties have consented to the jurisdiction of the Magistrate Judge for disposition of this matter. (Doc. 7). For the reasons explained below, the finding of non-disability is supported by substantial evidence in the administrative record, and is herein AFFIRMED.

### I. Summary of Administrative Record

In August 2011, Plaintiff filed an application for Disability Insurance Benefits (DIB) alleging a disability onset date of July 31, 2007 due to physical and mental impairments. After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). Plaintiff appeared and testified at a hearing on December 10, 2012. The ALJ heard testimony from Plaintiff and an impartial vocational expert. At the hearing, Plaintiff amended her

1

application to request a closed period of disability from the alleged onset date of disability through July 2009, Plaintiff's 55th birthday, or June 12, when Plaintiff's symptoms were relieved by medications prescribed by Dr. Anthony. On March 5, 2013, the ALJ denied Plaintiff's application in a written decision. (Tr. 20-27). Plaintiff now seeks judicial review of the denial of her applications for benefits.

Plaintiff was born on July 15, 1954 and was 58 years old at the time of the administrative hearing. She has a high school education and has training as a Licensed Practical Nurse. She has past relevant work as a licensed practical nurse in a doctor's office from 2000 to 2005 and a licensed practical nurse in a jail from 2007 through 2008. Plaintiff alleges disability based osteoarthritis, fibromyalgia, migraine headaches and balance problems.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "osteoarthritis and fibromyalgia." (Tr. 22). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can sit for six hours our of an eight-hour workday with regular breaks; and she is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. The claimant can occasionally stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, or scaffolds. The clamant can frequently balance. The claimant should avoid even moderate exposure to hazards.

(Tr. 24). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education and work experience, and the RFC, the ALJ concluded that Plaintiff could perform her past relevant work as a licensed practical nurse. (Tr. 27-28). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff first argues that the ALJ erred by: (1) failing to find that Plaintiff's headaches were a "severe" impairment as defined by Agency regulations; and (2) improperly determining that Plaintiff could perform her past relevant work. Upon close analysis, I conclude that Plaintiff's assignments of error are not well-taken.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant

3

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can

4

perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is Substantially Supported**

*1. Step-two finding*

Plaintiff first argues that the ALJ erred in failing to find a medically determinable ("severe") impairment giving rise to her headaches and in failing to explain the effect of Plaintiff's headaches on her ability to work. Notably, at step two of the sequential evaluation process, the ALJ determined that Plaintiff had severe impairments of osteoarthritis and fibromyalgia (Tr. 22-24). Plaintiff contends the ALJ erred by determining at step two that she did not have a medically determinable impairment giving rise to her symptoms of headaches and weakness. Plaintiff's contention lacks merit.

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal

with changes in the work setting. 20 C.F.R. § 404.1521(b). Plaintiff is not required to establish total disability at this level of the sequential evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. *Gist v. Secretary of H.H.S.,* 736 F.2d 352, 357 (6th Cir.1984). An impairment will be considered non-severe only if it is a "slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Secretary of H.H.S.,* 773 F.2d 85, 90 (6th Cir.1985) (citing *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984)). The severity requirement is a "de minimus hurdle" in the sequential evaluation process. *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988). *See also Rogers v. Commissioner,* 486 F.3d 234, 243 n. 2 (6th Cir.2007).

Here, at step-two of the sequential evaluation, the ALJ found Plaintiff's osteoarthritis and fibromyalgia were severe impairments. (Tr. 22). With respect to Plaintiff's headaches, the ALJ noted that Plaintiff treated with Dr. Anthony, a neurologist, for her migraine headaches. The ALJ further noted that in June 2009, Dr. Anthony reported that an MRI scan of Plaintiff's brain was normal. Dr. Anthony's treatment notes indicate that he prescribed medication that Plaintiff experienced improvement with medication.

In addition, Plaintiff has offered no evidence to rebut the ALJ's findings and/or to establish that her migraine headaches produced symptoms limiting her ability to perform work activity. It is well established that the mere existence of an impairment, however, does not establish that Plaintiff was significantly limited from performing basic work

6

activities for a continuous period of time. *Despins v. Commissioner of Social Security,* 257 F. App'x 923, 930 (6th Cir. 2007) (citing *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988)). When the record does not contain any reports, doctor statements or other information regarding a plaintiff's physical limitations or the intensity, frequency, and duration of pain associated with a condition, the Sixth Circuit has regularly found substantial evidence to support a finding of no severe impairment. *See Long v. Apfel,* 1 F. App'x 326, 331 (6th Cir.2001) (citing *Higgs,* 880 F.2d at 860; *Maloney v. Apfel,* No. 99–3081, 2000 WL 420700 (6th Cir. Apr.14, 2000).

More importantly, even if the ALJ erred in not finding Plaintiff's headaches to be a "severe" limitation, such error was harmless. This is because the regulations require that if one "severe" impairment exists, all impairments—severe or otherwise—must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523, 416.923, 404.1545(e). Thus, where an ALJ errs in finding a particular impairment "non-severe" in step two of the analysis, the error is harmless if the ALJ finds at least one severe impairment and continues to address each impairment in determining the claimant's RFC. *Meadows v. Comm'r of Soc. Sec.,* No. 1:07cv1010, 2008 WL 4911243, at *13 (S.D. Ohio 2008) (citing *Maziarz v. Sec'y of Health & Human Servs.,* 837 F.2d 240, 244 (6th Cir.1987)). Here, as more fully explained below, the ALJ's decision indicates that he properly considered and addressed all of Plaintiff's severe and non-severe impairments in determining his RFC. Accordingly, the undersigned finds that substantial evidence supports the ALJ's decision in this regard.

*2. Past relevant work*

Plaintiff's next assignment of error asserts that ALJ improperly determined that she was capable of performing her past relevant work. In this regard, Plaintiff contends that the ALJ's RFC assessment improperly gave "significant weight to the assessments and opinions from the State agency medical consultant who reviewed the record and opined that the claimant retains the residual functional capacity for less than the full range of light exertional work (Exhibit 5A)". (Doc. 8). However, according to Plaintiff, Dr. Anthony's records were not present or reviewed by the State agency medical consultant who rendered the opinion as to the residual functional capacity. Presumably, Plaintiff is asserting that the ALJ's reliance on this evidence failed to comply with the Sixth Circuit's decision in *Blakely v. Commissioner of Social Security*, 581 F.3d 399. (6th Cir.2009). In *Blakely*, the court reversed on grounds that the state non-examining sources did not review "much of the over 300 pages of medical treatment ... by Blakley's treating sources." *Id.*at 408–409.

However, *Blakley* does not support remand in any case in which an ALJ has relied upon consultants who were unable to review a complete record. Rather, the Sixth Circuit held that "[i]n appropriate circumstances, opinions from State agency medical ... consultants ... may be entitled to greater weight than the opinions of treating or examining sources." *Blakley,* 581 F.3d at 409 (quoting Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996)). The appellate court reversed not because of the quantity of evidence that was not reviewed by the consulting physician, but because the ALJ failed to indicate that he had "at least considered [that] fact before giving greater weight" to the consulting physician's opinions. *Id.,* 581 F.3d at 409 (quoting *Fisk v. Astrue,* 253

Fed.Appx. 580, 585 (6th Cir.2007)). Experience teaches that in many if not most cases, some portion of the medical record will be generated after the consulting physician's review, and therefore not be included within the purview of the consultant's opinion. *Blakley* holds that an ALJ may credit the opinion of even a non-examining consultant who has failed to review a complete record, so long as he or she acknowledges that fact and articulates valid reasons for doing so. And even in cases in which an ALJ credits the incomplete consulting opinion and fails to provide sufficient reasons for doing so, the ALJ's opinion *still* may be affirmed if substantial evidence supports the opinion and any error is deemed to be harmless or *de minimis.* In this case, the ALJ committed no error under *Blakley.*

Here, the ALJ expressly noted that the State agency medical consultant "only considered the claimant's impairments of fibromyalgia and osteoarthritis." The ALJ then found "no evidence regarding the claimant's headaches or muscle weakness warrants a change in the residual functional capacity". (Tr. 26). *See Swartz v. Astrue,* No. 10–605, 2011 WL 4571877, at *8 (S.D.Ohio Aug.18, 2011) (Bowman, MJ) ("an ALJ may choose to credit the opinion of a consultant who has failed to review a complete record, but he should articulate his reasons for doing so") (citing *Blakely v. Comm'r of Soc. Sec.,* 581 F.3d 399 (6th Cir.2009)).

In making this finding, the ALJ considered that the record reflects that Plaintiff sought treatment for headaches only sporadically, and the headaches were controlled with medication. (Tr. 503-26). In this regard, Plaintiff first sought treatment for migraine headaches in June 2009, with Dr. Anthony. (Tr. 25, 503-05). Plaintiff reported to Dr. Anthony that she had three headaches over the last couple of weeks. (Tr. 503). Dr.

9

Anthony's neurological examination was normal. (Tr. 504). Dr. Anthony concluded that no additional testing was required, and he prescribed medication. (Tr. 505). Plaintiff does not appear to have sought further treatment for her headaches until October 2010, when she returned to Dr. Anthony complaining of "break through headaches." (Tr. 25, 506). Plaintiff's physical examination was normal in all respects. (Tr. 508-09). Dr. Anthony concluded that Plaintiff should try a higher dosage of medication. (Tr. 506, 509). One month later, in November 2011, Plaintiff returned and reported that she continued to have "excellent success" with the medication (Tr. 25, 510). Plaintiff's physical examination was again normal. (Tr. 512-13). In January 2012, Dr. Anthony noted muscle weakness in Plaintiff's upper and lower extremities. (Tr. 516-17). However, one month later, in February 2012, Dr. Anthony's physical examination revealed normal power/strength in the upper and lower extremities. (Tr. 522). In June 2012, Plaintiff reported that the medication had been "frighteningly effective" and was "more than she could have hoped for." (Tr. 523). Plaintiff's physical examination was normal. (Tr. 525-26).

Accordingly, the undersigned finds that ALJ properly determined Plaintiff's RFC upon evaluation of the complete record, including the opinion evidence, Plaintiff's treatment history and testimony at the administrative hearing. In this regard, the ALJ determined that the opinions of the state agency physicians were consistent overall with the evidence of record and clearly articulated his rationale for finding so. (Tr. 26). Plaintiff's second assignment of error is therefore overruled.

**III. Conclusion**

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE,** and herein **AFFIRMED.**  As no further matters remain pending, this case is **CLOSED.**

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge
